**Michael J. McKINNEY,
Plaintiff—Appellee,**

**v.**

**J. PETERS, Lieutenant, Defendant—
Appellant.**

**No. 02–55691.**

**D.C. No. CV–97–07448–AHM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Feb. 11, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Michael McKinney ("McKinney") filed suit pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated when Peters, a corrections lieutenant at the California Men's Colony in San Luis Obispo, failed to grant his request for a cell transfer despite an allegedly imminent threat of attack by his cellmate. The cellmate later attacked McKinney. Peters moved to dismiss the complaint on the ground that he was entitled to qualified immunity. The district court denied this motion; Peters brings an interlocutory appeal challenging that denial. We have jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm.

We review de novo "the district court's determination on summary judgment that [Peters] cannot invoke qualified immunity as a bar to civil litigation." *Martinez v. City of Oxnard*, 270 F.3d 852, 855 (9th Cir.2001). In evaluating whether Peters is entitled to qualified immunity, we must accept as true the facts as McKinney alleges they exist, looking only to his complaint. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Martinez*, 270 F.3d at 855.

We must answer "this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier*, 533 U.S. at 200, 121 S.Ct. 2151 (quoting *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). Then, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* at 200, 121 S.Ct. 2151.

█ Two years before the attack on McKinney, the Supreme Court held that

"[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

█ McKinney's complaint and the attached exhibits allege (1) an objectively substantial risk of serious harm (2) of which Peters was subjectively aware but chose to disregard. *See Id.* at 834, 114 S.Ct. 1970; *Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049 (9th Cir.2002). Moreover, assuming the facts alleged as true, McKinney's right to a cell transfer was clearly established in this case, and "it would be clear to a reasonable officer that his conduct was unlawful in the situation [Peters] confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.